WILLIAMS, Judge.
Plaintiff Nathaniel Curtis was retained by defendants, The Roman Catholic Church of the Archdiocese of New Orleans [“Archdiocese”] and the New Orleans Vatican Pavilion to design the Vatican Pavilion for the 1984 Louisiana World Exposition. The contract between the parties provided for binding arbitration should a dispute arise. A dispute did arise: defendants contended that plaintiff’s design was of such a nature that the pavilion could not be constructed within the guaranteed maximum figure; plaintiff contended that he was “wrongfully and maliciously” terminated without cause. Plaintiff sued for a percentage of the final construction costs which he claimed were due him according to the contract. Defendants reconvened for their initial fee paid to plaintiff ($855,000.00) alleging that he had breached the contract by failing to produce a design according to specifications. Arbitration proceedings were held, and the panel ruled in favor of plaintiff for $166,068.78, including interest from May 11, 1984 (completion of construction). Plaintiff filed a Petition to Confirm the Award of the Arbitrators. La.R.S. 9:4209. Defendants reconvened, seeking to modify the award with respect to interest. Defendants argue that interest should begin to run from the date of the arbitrators’ award (March 16, 1985), not the date of construction completion. The difference is $16,816.89. The trial court ruled in favor of plaintiff. It is from this ruling that defendants now appeal, asserting that the trial court was in error in refusing to disturb the arbitrators’ award of interest from May 11, 1984.
Defendants contend that the amount owed plaintiff was in dispute and that a determinable amount was not due until the arbitration award. In support of their argument, defendants rely upon City Stores Company v. Gervais Favrot Co., 359 So.2d 1031 (La.App. 4th Cir.1978).
In City Stores, a contractor was allowed to recover interest only from the date of an arbitrators award. City Stores involved a number of varying demands for different amounts some of which concerned which party should bear the costs of delays. Apparently the documentation involved was substantial. Id. at 1035. The trial court, therefore, held that the exact amount due was not ascertainable until the arbitrators evaluated all of the claims and evidence. Although there were some differences among the parties in the instant case as to the amount owed, the arbitrators and the trial court obviously decided that they were not of the magnitude present in City Stores.
The general rule in contract is that interest begins to run from the time the obligation is due. La.Civ.C. art. 2000. In this case, interest runs from the date of completion of the pavilion. Plaintiff claims that the sum, although not calculated at the time, was ascertainable. The arbitrators accepted plaintiff’s assertion that he was entitled to a percentage of the total construction costs, not simply the costs at the time of his termination as defendants had asserted and found that this was ascertainable at the date of completion. After reviewing the record, we cannot find that the *536 trial court was manifestly erroneous in upholding this determination. Canter v. Koehring Co. 283 So.2d 716 (La.1973).
For the foregoing reasons, the decision of the trial court is affirmed, all costs to appellant.
AFFIRMED.